**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Green Home Rentals LLC, et al., | No. CV-24-03630-PHX-SHD |
| Plaintiffs, | **ORDER** |
| v. | |
| United States Internal Revenue Service, et al., | |
| Defendants. | |

Pending before the Court is a Motion to Transfer and Consolidate related cases filed by Defendant the United States of America (the "United States"). (Doc. 20.) On March 5, 2025, the United States requested that the related case *RMP Residential 1, LLC v. United States*, CV-24-3631-PHX-JJT (the "RMP Action") be transferred to the undersigned and consolidated for purposes of pretrial litigation and trial. (Doc. 20-3.) On March 18, 2025, Plaintiffs Green Home Rentals, LLC ("Green Home") and Arbors Unlimited, LLC ("Arbors Unlimited") responded in opposition. (Doc. 22.) The same day, the plaintiff in the RMP Action, RMP Residential 1, LLC ("RMP"), separately responded in opposition. (Doc. 23.) On March 25, 2025, the United States replied to Plaintiffs' response. (Doc. 25.)

Plaintiffs filed the operative complaint, their first amended complaint ("FAC"), in February 2025. (Doc. 17.) They seek to quiet title in property and request declaratory and injunctive relief, alleging that the Tucson Office of the Internal Revenue Service ("IRS") improperly declared liens on Green Home's property, including property it transferred to Arbors Unlimited before and after the IRS recorded the liens. (*Id.* ¶¶ 13–14, 22, 48, 59,

66.) Plaintiffs allege the IRS imposed the liens to recover under a restitution order in a separate criminal judgment against non-party Charles Kirkland (the "Judgment"), based on the theory that Green Home is Kirkland's alter ego. (*Id.* ¶¶ 15, 19.) Plaintiffs assert that this alter ego theory is incorrect because Kirkland transferred his interest in Green Home to his ex-wife before the Judgment was signed. (*Id.* ¶¶ 27–28.)

The RMP Action similarly involves an IRS lien on RMP's property based on the Judgment against Kirkland and allegations that RMP is also Kirkland's alter ego. (RMP Action Doc. 14 ¶¶ 11, 16, 21.) Like the Plaintiffs, RMP also seeks to quiet title in property and requests declaratory and injunctive relief. (*Id.* ¶¶ 34, 42, 45.)

Under Rule 42(a), consolidation is appropriate "[i]f actions before the court involve a common question of law or fact." Fed. R. Civ. P. 42(a). Likewise, this Court's LRCiv 42.1(a)(1), governing transfer, provides:

> When two or more cases are pending before different Judges, a party in any of those cases may file a motion to transfer the case or cases to a single Judge on the ground that the cases: (1) arise from substantially the same transaction or event; (2) involve substantially the same parties or property; (3) involve the same patent, trademark, or copyright; (4) call for determination of substantially the same questions of law; or (5) for any other reason [that] would entail substantial duplication of labor if heard by different Judges.

The Court has "broad discretion" under Rule 42(a) in determining whether to consolidate cases pending in the same district. *Invs. Rsch. Co. v. U.S. Dist. Ct. for the Cent. Dist. of Cal.*, 877 F.2d 777, 777 (9th Cir. 2020). "The standard for transfer under LRCiv 42.1 is similar to the standard for consolidation under Rule 42(a), and this Court has broad discretion in determining whether to grant such motions." *Bae Sys. Mobility & Prot. Sys., Inc. v. Armorworks Enters., LLC*, 2009 WL 995862, at *1 (D. Ariz. 2009).

Based on these standards, transfer and consolidation are appropriate. The actions the United States seeks to consolidate involve common questions of law and fact—namely, whether Green Home and RMP are alter egos of Kirkland, and consequently, whether the IRS filed erroneous liens on properties owned by those entities based on the Judgment against Kirkland. Thus, transferring and consolidating these actions would (1) conserve

time and effort; (2) remove the need for substantial duplication of labor that would result if two separate judges heard these actions individually; and (3) avoid the potential of inconsistent outcomes.  LRCiv 42.1(a)(1); *Bae Sys.*, 2009 WL 995862, at *2.

Plaintiffs oppose the United States' motion, arguing that distinct legal entities and properties are at issue.[1]  (Doc. 22 at 3–4.)  Plaintiffs argue that Kirkland owned Green Home and then transferred his ownership interest to his ex-wife pursuant to a divorce decree, whereas his ex-wife always separately owned RMP.  (*Id.* at 2–3.)  Therefore, Plaintiffs contend, the alter ego analysis will be different in each case.  (*Id.* at 3.)  And Plaintiffs argue that although the parties "may share discovery produced in the two cases," the RMP Action "will require fewer documents and fewer witnesses" which are irrelevant to this action.  (*Id.* at 6.)

While the properties at issue are different and discovery may vary between the cases, the legal and factual issues in determining whether to quiet title in favor of Plaintiffs and RMP, and grant them declaratory and injunctive relief, are substantially similar in both actions.  The factual differences identified by Plaintiffs do not outweigh the benefits of consolidating the actions.  Accordingly, the requirements for transfer and consolidation under Rule 42 and LRCiv 42.1(a) are met and granting the United States' motion would serve the interest of judicial economy.

Accordingly,

**IT IS ORDERED granting** the United States' Motion to Transfer and Consolidate.  (Doc. 20.)  The Clerk of Court shall transfer CV-24-3631-PHX-JJT to the Honorable Sharad H. Desai and consolidate it with CV-24-03630-PHX-SHD.

Dated this 16th day of July, 2025.

_____
Honorable Sharad H. Desai
United States District Judge

---

[1]     RMP's opposition contained similar arguments.  (*See generally* Doc. 23.)

- 3 -